

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: September 18, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE: IKECHUKWU H. OKORIE**                    **CASE NO. 19-50379-KMS**

**DEBTOR**                                                        **CHAPTER 7**

### OPINION AND ORDER DENYING MOTIONS FOR LEAVE TO FILE BARTON MOTIONS AND TO FILE BOND UNDER SEAL (DKT. ## 1502, 1504, 1505, 1536)

Before the Court are the Motions for Leave to file Barton motions and Motion for Leave to file bond under seal, ECF Nos. 1502, 1504, 1505, 1536. The Chapter 7 Trustee filed responses (ECF Nos. 1508, 1509) and Okorie filed replies (ECF Nos. 1512, 1513, 1516). Like almost all the more than 300 pro se pleadings filed by Okorie in this Court since 2023, Okorie's current Motions are without factual or legal basis, are, therefore, not filed in good faith, and must be denied.

### FINDINGS OF FACT

The facts of this case, as well as those of Okorie's first Chapter 11 filing and the related Chapter 11 case filed by his company, Inland Family Practice Center LLC, have been addressed on multiple occasions by this Court and the appellate courts.[1] Recited briefly, Okorie originally

---

[1] *See, e.g.*, ECF No. 932 at 9-18; *Okorie v. Lentz (In re Okorie)*, No. 2:24-cv-20-HSO-BWR, 2024 WL 3568604, at *1-3 (S.D. Miss. July 19, 2024), *aff'd*, No. 24-60377, 2025 WL 603890 (5th Cir. Feb. 25, 2025); *Okorie v. Lentz*, No. 2:25-cv-5-KS-MTP, 2025 WL 2643186, at *1-2 (S.D. Miss. Sept. 4, 2025), *appeal filed*, No. 25-60490 (5th Cir. Sept. 9, 2025).

filed this case on February 27, 2019, as a Chapter 11.[2] Prior to filing, Okorie transferred property owned by a related company, Royal Oaks Rental Properties LLC, to himself.[3] At the time of filing, Okorie owned 6 properties – 3700 Hardy Street, 908 West Pine Street and 912 West Pine Street in Hattiesburg, Mississippi; rental houses in Houston, Texas, and New Jersey; and a condo in Destin, Florida.[4]

The Hardy Street property served as security for a commercial loan from Citizens Bank; and 908 West Pine Street was collateral for a commercial loan from PriorityOne.[5] The Destin condo was security for a commercial loan from First Bank.[6] Wells Fargo had a judgment lien on the Hattiesburg properties and the Destin condo.[7] Okorie owned both rental houses free and clear of mortgage liens.[8]

On June 7, 2019, PriorityOne foreclosed on 908 West Pine Street.[9] Okorie acknowledged the foreclosure in his November 20, 2019, disclosure statement and plan of reorganization.[10]

On February 17, 2021, a day before the confirmation hearing on his second amended plan of reorganization, Okorie voluntarily converted the case to Chapter 7 when confronted with allegations that he used estate assets to invest in an online trading account.[11] Kimberly R. Lentz was appointed Chapter 7 Trustee.[12]

---

[2] ECF No. 1.
[3] ECF No. 932 at 9.
[4] ECF No. 62 at 8-11.
[5] ECF No. 932 at 8.
[6] ECF No. 932 at 7.
[7] ECF No. 932 at 13 and 16; *See* Proof of Claim No. 17-2.
[8] ECF Nos. 441 and 554.
[9] ECF No. 932 at 13.
[10] ECF No. 155-1 at 6 ("Priority One Bank foreclosed upon the collateral.").
[11] ECF Nos. 310 at 2 (creditor sought conversion after discovering Okorie transferred over $81,000 from estate to online trading account), 334 (Okorie's motion to voluntarily convert to chapter 7), 339.
[12] ECF No. 340.

On May 17, 2021, Citizens Bank obtained stay relief regarding its collateral at 3700 Hardy Street.[13] The Trustee gathered and liquidated the remaining assets of the estate, including 912 West Pine Street in Hattiesburg, the Destin condo, and the rental houses in New Jersey and Texas. She filed unopposed motions to hire real estate professionals to market the properties.[14] She also filed motions to sell each of these properties pursuant to 11 U.S.C. § 363 ("363 Sales").[15] Notice of the Hattiesburg, Destin, and Texas motions was provided to both Okorie and his counsel, Patrick Sheehan.[16] No one, including Okorie, objected to those sale motions. So, orders authorizing the sales were entered, and notice of the orders was provided.[17]

Okorie, without assistance of counsel, objected to the sale of the New Jersey house, arguing that the property belonged to Royal Oaks, not him, and that his wife, although no longer a member of Royal Oaks, had not waived her "marital interest" in the Royal Oaks properties.[18] A title report obtained by the Trustee indicated that Okorie owned the New Jersey property outright.[19] At hearing, the Court overruled Okorie's objections, and an order approving the sale was entered on June 17, 2022.[20] Okorie did not appeal the order.

Okorie received his chapter 7 discharge on October 5, 2021.[21] He waited almost two years after the last sale order was entered to file motions to void the 363 Sales alleging, among other

---

[13] ECF No. 405.
[14] ECF Nos. 381, 400 (Heather Williams, Scenic Sotheby's International Realty; Lindsey K. Lynch, Legendary Realty, LLC); ECF Nos. 419, 428 (Sharon Nichols, Crye-Leike Signature One Realty; Ann McWilliams, Re/Max Real Estate Partners); ECF Nos. 436, 441 (Mark Fuller, Southwestern Real Estate, Inc.; Gene Feigelson, ReMax/United); and ECF Nos. 528, 554 (Nativita Warner, Keller Williams Premier).
[15] ECF Nos. 419, 381, 528, 436.
[16] ECF Nos. 421, 383, 438. Sheehan withdrew as Debtor's counsel prior to the sale motion on the New Jersey house. ECF Nos. 488, 491.
[17] ECF Nos. 428, 430 (Hattiesburg); ECF Nos. 400, 401 (Destin); ECF Nos. 441, 442 (Texas). Additionally, Okorie's Chapter 7 Statement of Intention indicated his intent to surrender the Hattiesburg, Destin, and Texas properties. ECF No. 365.
[18] ECF No. 536.
[19] ECF No. 540-1 at 2.
[20] ECF No. 554.
[21] ECF No. 447.

things, misconduct by the Trustee.[22] The Court denied these motions finding Okorie lacked standing and that the claims of misconduct against the Trustee were barred by res judicata.[23] Undeterred by this and many other orders of this Court (*see* Chart attached hereto as Exhibit "A"), Okorie seeks to use the state courts of Mississippi, Florida, Texas and New Jersey to set aside final, non- appealable sale orders entered by this Court.

Okorie's Motions for Leave request that the Court grant him permission to sue the Trustee and third parties, including the surety for the Trustee, realtors approved by the Court, a lienholder, and the Court approved 363 Sale purchasers. He asserts that the claims he intends to pursue arise out of state law and are not collateral attacks on this Court's orders. A review of the proposed complaints indicates that Okorie is seeking to assert claims for wrongful foreclosure (even though none of the properties sold by the Trustee were foreclosed upon), fraudulent conveyance (asserting that the Court ordered sale price was not reasonable), rescission of the 363 Sales, conversion of rents, title to the properties, breach of fiduciary duty by the Trustee and similar claims all arising out of the sale of properties of the estate by the Trustee.[24] Okorie also seeks to file a copy of the Trustee's surety bond under seal.[25]

Over a year ago, the Court entered an order enjoining Okorie from filing anything in bankruptcy court without prior approval of the Court.[26] The Court specifically placed the following requirements on any motion for leave:

1. Not exceed two pages,

2. Attach the proposed filing,

---

[22] ECF Nos. 1199, 1200, 1201, 1209.
[23] ECF No. 1447.
[24] ECF Nos. 1502, 1504, 1536.
[25] ECF Nos. 1504-1 at 4-5, 1505.
[26] ECF No. 1198.

3.  Explain why the proposed filing is not frivolous,

4.  Explain why the proposed filing is not an attack on any previous order entered by the Court in this case or any related adversary proceeding, and

5.  Shall certify, by affidavit or under penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court or is not currently pending before the Court.[27]

These requirements were upheld by both the District Court and the Fifth Circuit.[28]

## CONCLUSIONS OF LAW

Okorie is seeking relief under the *Barton* doctrine to sue the Trustee and other parties in state court.[29] The *Barton* doctrine requires bankruptcy court approval before a party may sue a bankruptcy trustee in another court.[30] The doctrine extends to the trustee's sureties and other estate professionals retained by the trustee including real estate professionals and attorneys.[31]

On multiple occasions, this Court has held that the Trustee properly performed her duties to the estate and that there is no evidence of fraud or other misconduct by the Trustee.[32] This Court has also held that Okorie does not have standing to attack the administration of the bankruptcy estate.[33] These rulings were upheld by both the District Court and Fifth Circuit on appeal.[34]

---

[27] *Id.* at 13-14.

[28] *Okorie v. Lentz*, No. 2:24-cv-51-KS-MTP, 2024 WL 4186937 (S.D. Miss. Sept. 9, 2024), *aff'd sub nom. Okorie v. Lentz (In re Okorie)*, No. 24-60469, 2024 WL 4867073 (5th Cir. Nov. 22, 2024).

[29] *See Barton v. Barbour*, 104 U.S. 126, 128 (1881) ("[B]efore suit is brought against a [trustee] leave of the court by which he was appointed must be obtained").

[30] *Lentz v. Cahaba Disaster Relief, LLC (In re CDP Corp.)*, 462 B.R. 615, 635 (Bankr. S.D. Miss. 2011); *see also Foster v. Aurzada (In re Foster)*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023).

[31] *In re CDP Corp.*, 462 B.R. at 636 (*Barton* applies to attorneys and auctioneers retained by trustee and approved by court); *Wilson v. Nandlal Corp. (In re Cumberbatch)*, 657 B.R. 683, 697 (Bankr. E.D.N.Y. 2024) (*Barton* applies to real estate professionals retained by trustee and approved by court); *Smalis v. Liberty Mut. Sur. (In re Smalis)*, No. 05-31587-CMB, 2015 WL 4126671 (Bankr. W.D. Pa. July 7, 2015) (denying *Barton* motion for leave to sue trustee and surety).

[32] ECF No. 932 at 20; ECF No. 1198 at 6-11.

[33] ECF No. 932 at 18-21.

[34] ECF No. 932, *aff'd, Okorie v. Citizens Bank (In re Okorie)*, No. 2:23-cv-173-HSO-BWR, 2024 WL 2703780 (S.D. Miss. May 22, 2024), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024); ECF No. 1198, *aff'd, Okorie*

Because there is no basis whatsoever for any action by Okorie against the Trustee, he has no claim against her surety either.[35]

The Court approved the Trustee's employment of real estate professionals to market and sell estate property.[36] No party objected to their employment. And the actions taken by these professionals were taken pursuant to court order in their official capacity as estate professionals. So, they may not be sued in any court for actions taken in this bankruptcy without permission from this Court.

Moreover, the Court has previously explained that Bankruptcy Court orders authorizing the sale of estate assets are final orders on the merits.[37] Absent a timely appeal of the sale order (which did not occur here) or resort to Section 363(n) (which does not apply here), Rule 60(b) of the Federal Rules of Civil Procedure is the vehicle to set aside a final order confirming a 363 Sale. This Court has already denied Okorie's multiple motions to void the 363 Sales under Rule 60 and Section 363(n).[38] His only remaining remedy is through appeal of that order.[39]

Okorie's Motions for Leave are clear attacks on prior orders of this Court and raise issues that are barred by res judicata. They are a continuation of Okorie's nonstop harassment of the Trustee, creditors and their counsel. He now seeks to add estate retained real estate professionals and the purchasers at Court approved 363 Sales to the list. The Motions are filed in bad faith and

---

*v. Lentz*, No. 2:24-cv-51-KS-MTP, 2024 WL 4186937 (S.D. Miss. Sept. 9, 2024), *aff'd sub nom. Okorie v. Lentz (In re Okorie)*, No. 24-60469, 2024 WL 4867073 (5th Cir. Nov. 22, 2024).

[35] *See Fox v. Anderson (In re Dinh)*, 80 B.R. 819, 824 (Bankr. S.D. Miss. 1987) (surety not liable for damages if trustee did not act wrongfully).

[36] ECF Nos. 400 (Destin condo), 428 (912 W. Pine St.), 441 (Texas property), and 554 (New Jersey property).

[37] ECF No. 1447 at 4.

[38] ECF No. 1447.

[39] The District Court affirmed the order denying Okorie's motions to void the 363 Sale orders. *See Okorie v. Lentz*, No. 2:25-cv-5-KS-MTP, 2025 WL 2643186, at *3 (S.D. Miss. Sept. 4, 2025), *appeal filed*, No. 25-60490 (5th Cir. Sept. 9, 2025).

exemplify the vexatious conduct that has permeated this bankruptcy since Okorie received his discharge. Consequently, the Motions for Leave must be denied.

### ORDER

For the reasons stated above, the Motions for Leave and are **DENIED.**

*##END OF ORDER##*

EXHIBIT "A"

| BANKRUPTCY COURT | DISTRICT COURT | 5TH CIRCUIT COURT OF APPEALS |
|---|---|---|
| **19-50379-KMS** | | |
| Order Motion to Set Aside the Judgment and Interrogatories of Wells Fargo . . . ECF No. 500. | 1:22-cv-00040-TBM-BWR, *dismissed with prejudice*, ECF No. 14. | N/A |
| Order Denying Motion for Violation of Automatic Stay, ECF No. 933. | 2:23-cv-00172-HSO-BWR, *aff'd*, ECF No. 8, *recons. den.*, ECF No. 10. | 24-60254, *aff'd*, ECF No. 43, *mandate issued* Oct. 7, 2024. |
| Opinion and Order on Debtor's Objection to Claims, ECF No. 932. | 2:23-cv-00173-HSO-RPM, *aff'd*, ECF No. 30. | 24-60255, *aff'd*, ECF No. 128, *reh'g den.*, ECF No. 138, *mandate issued* Dec. 3, 2024. |
| Order Denying Debtor's Amended Motion to Quash Examination and Stay Sanctions Pending Appeal Resolution, ECF No. 1039. | 2:24-cv-00017-HSO-BWR, *dismissed*, ECF No. 8. | N/A |
| Opinion and Order Denying Motion for Violation of Automatic Stay and Granting Motion to Annul Stay, ECF No. 1059. | 2:24-cv-00020-HSO-BWR, *aff'd*, ECF No. 8. | 24-60377, *aff'd*, ECF No. 62, *reh'g den.*, ECF No. 71, *mandate issued* Apr. 16, 2025. |
| Order Denying Motions for Violation of Automatic Stay, ECF No. 1058. | 2:24-cv-00021-TBM-RPM, *aff'd*, ECF No. 17. | 25-60047, *dismissed*, ECF No. 56, *mandate issued* May 23, 2025. |
| Order Approving Butler Snow's First Application for Compensation for Attorney for the Trustee, ECF No. 1121. | 2:24-cv-00030-KS-MTP, *dismissed with prejudice*, ECF No. 8. | 24-60345, *dismissed*, ECF No. 49, *recons. den.*, ECF No. 61, *mandate issued* Nov. 7, 2024. |
| Opinion and Order Denying Motions for Recusal, ECF No. 1185. | 2:24-cv-00050-TBM-RPM, *leave to appeal denied*, ECF No. 8. | 25-60048, *dismissed*, ECF No. 35, *mandate issued* July 17, 2025. |
| Order Granting Motion for Sanctions Including Prefiling Injunction, ECF No. 1198. | 2:24-cv-00051-KS-MTP, *aff'd*, ECF No. 11. | 24-60469, *aff'd*, ECF No. 76, *reh'g den.*, ECF No. 87, *mandate issued* Jan. 15, 2025. |
| Order Denying Motions to Void Orders Authorizing Sales of Real Property, ECF No. 1447. | 2:25-cv-00005-KS-MTP, *aff'd*, ECF No. 32. | 25-60490. |
| Order Denying Various Pending Motions, ECF No. 1463. | N/A | N/A |

| Order Denying Debtor's Motion for Violation of Automatic Stay, Adv. ECF No. 1471.[40] | 2:25-cv-00042-TBM-RPM. (Hearing on 07/25/2025, written opinion pending). | N/A |
|---|---|---|
| **AP 23-06017-KMS (CITIZENS/LENTZ)** | | |
| Order Denying Request for Injunctive Relief, Adv. ECF No. 18. | 2:23-cv-00100-TBM-RPM, *aff'd*, ECF No. 7. | 23-60505, *dismissed for lack of jurisdiction*, ECF No. 33, *recons. den.*, ECF No. 45, *mandate issued* Dec. 7, 2023. |
| Final Judgment Granting Motion to Dismiss by Citizens Bank and R. Andrew Foxworth, Adv. ECF No. 111. | 2:24-cv-00146-TBM-RPM, *aff'd*, ECF No. 14. | N/A |
| Order Dismissing Complaint Against Lentz, Adv. ECF No. 127. | N/A | N/A |
| **AP 23-06019-KMS (PRIORITYONE/LENTZ)** | | |
| Order Dismissing Complaint, Adv. ECF No. 33. | 2:25-cv-00045-HSO-BWR. | N/A |
| Order Denying Motion for Leave to File Motion for Reconsideration, Adv. ECF No. 38. | 2:25-cv-00045-HSO-BWR. | N/A |
| **AP 23-06020-KMS (FIRSTBANK)** | | |
| Final Judgment Dismissing Complaint, Adv. ECF No. 26. | 2:25-cv-00044-HSO-BWR. | N/A |
| Order Denying Motion for Leave to File Motion for Reconsideration, Adv. ECF No. 30. | 2:25-cv-00044-HSO-BWR. | N/A |
| **AP 23-06021-KMS (WELLS FARGO/LENTZ/LINDNER)** | | |
| Order Dismissing Complaint, Adv. ECF No. 20. | N/A | N/A |
| **AP 24-06017-KMS (CITIZENS/LENTZ/FOXWORTH)** | | |
| Order Staying Proceedings in the consolidated Adversary proceedings pending appeal, Adv. ECF No. 60. | 2:24-cv-00111-TBM-RPM, *dismissed*, ECF No. 20. | N/A |

---

[40] This appeal is related to Okorie's recoupment dispute with Keystone Healthcare Partners.